# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD M. SANSONE,<br><br>  Plaintiff,<br><br>  v.<br><br>LVN LOPEZ, et al.,<br><br>  Defendants. | CASE NO. 1:07-cv-01086-OWW-SMS PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AN AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIM AGAINST DEFENDANT LOPEZ, WITHIN THIRTY DAYS<br><br>(Doc. 1)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 10) |

I.  Screening Order

   A.  Screening Requirement

Plaintiff Richard M. Sansone ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on July 27, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3        "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
4  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
5  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
6  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
7  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
8  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only
9  if it is clear that no relief could be granted under any set of facts that could be proved consistent with
10 the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether
11 the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of
12 the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,
13 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also
14 Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the
15 opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.
16 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."
17 Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights
18 complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l
19 Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d
20 266, 268 (9th Cir. 1982)).

21       B.    Plaintiff's Claims

22       Plaintiff is an inmate housed at California State Prison-Corcoran, where the events at issue
23 in this action allegedly occurred. The defendants named in this action are LVN Lopez, Chief
24 Medical Officer William McGuinness, and Warden Derral Adams. Plaintiff is seeking money
25 damages and injunctive relief. The claims in this action arise from the alleged denial of medical care
26 and failure to provide timely clothing exchanges.

27 ///
28 ///

1.      Denial of Medical Care

Plaintiff alleges that after he contracted a very serious staph infection and was in great pain, defendant Lopez denied him medical care on several occasions.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's allegations that he had a serious staph infection and was in pain but was denied medical treatment is sufficient to give rise to a claim for relief under section 1983 against defendant Lopez for violation of the Eighth Amendment.  Fed. R. Civ. P. 8(a).

2.      Claims Against Defendants McGuinness and Adams

Plaintiff alleges that defendant McGuinness failed to supervise medical staff, and defendant Adams failed to supervise prison staff.  Plaintiff alleges that due to defendant Adams' failure to supervise staff, clothing exchanges are not being made, which, along with poor sanitation, caused plaintiff to develop the staph infection.

///

1    Under section 1983, liability may not be imposed on supervisory personnel for the actions
2    of their employees under a theory of respondeat superior. When the named defendant holds a
3    supervisorial position, the causal link between the defendant and the claimed constitutional violation
4    must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.
5    Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for
6    relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the
7    defendant either: personally participated in the alleged deprivation of constitutional rights; knew of
8    the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient
9    that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the
10   constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations
11   omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

12   Plaintiff has not alleged any facts indicating that defendants McGuinness and Adams
13   personally participated in the alleged deprivation of constitutional rights; knew of the violations and
14   failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy
15   'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional
16   violation.'" Hansen v. Black at 646. The allegation that defendants failed to properly supervise
17   staff is insufficient to support a claim for relief under section 1983.

18          C.      Conclusion

19   Plaintiff's complaint states a cognizable claim for relief under section 1983 against defendant
20   Lopez for denial of medical care, in violation of the Eighth Amendment. However, plaintiff's
21   complaint does not state a claim under section 1983 against defendants McGuinness and Adams.
22   The court will provide plaintiff the opportunity to file an amended complaint, if plaintiff wishes to
23   do so.

24   If plaintiff does not wish to file an amended complaint and is agreeable to proceeding only
25   against defendant Lopez for denial of medical care, plaintiff may so notify the court in writing, and
26   the court will issue a Findings and Recommendations recommending that the remaining defendants
27   and claims be dismissed from this action, and will forward plaintiff one summons and one USM-285
28   ///

form for completion and return. Upon receipt of the forms, the court will direct the United States Marshal to initiate service of process.

In the event that plaintiff does wish to file an amended complaint, plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

II.     Motion for Appointment of Counsel

On August 14, 2007, plaintiff filed his second motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of

///

the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

III. Order

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the court in this order, or

   b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendant Lopez on his Eighth Amendment medical care claim;

3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order; and

4. Plaintiff's motion for the appointment of counsel, filed August 14, 2007, is DENIED.

IT IS SO ORDERED.

**Dated:   August 31, 2007**             /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE