# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD M. SANSONE,<br><br>        Plaintiff,<br><br>   v.<br><br>LVN LOPEZ,<br><br>        Defendant.<br>_____/ | CASE NO. 1:07-cv-01086-OWW-SMS PC<br><br>FINDING AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>(Doc. 22)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

    Plaintiff Richard M. Sansone ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed September 10, 2007, against Defendant Lopez ("Defendant") for acting with deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment. Plaintiff's claim arises from a number of incidents in which Defendant allegedly failed to provide Plaintiff with medical treatment. Plaintiff alleges he had a staph infection and was in severe pain.

    On January 4, 2008, Plaintiff filed a motion for summary judgment. Fed. R. Civ. P. 56. Defendant filed an opposition on January 22, 2008.

    "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In order to prevail, Plaintiff is required to establish beyond controversy every essential element of his Eighth Amendment claim. Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992); Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986). Further, the Local Rules require that "[e]ach motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' which shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition interrogatory answer, admission or other document relied upon to establish that fact." Local Rule 56-260(a).

Plaintiff's motion consists of twelve facts described as undisputed. However, the facts are not supported by evidence and the motion appears, in part, to be responsive to Defendant's answer rather an independent motion for judgment as a matter of law. Plaintiff's motion does not comply with the Local Rules, is not supported by evidence, and does not meet the burden of establishing entitlement to judgment as a matter of law. Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for summary judgment, filed January 4, 2008, be DENIED.

This Finding and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

1  **days** after being served with this Finding and Recommendation, the parties may file written
2  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
3  Finding and Recommendation."  The parties are advised that failure to file objections within the
4  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
5  1153 (9th Cir. 1991).

7  IT IS SO ORDERED.
8  **Dated:   April 18, 2008**                     /s/ Sandra M. Snyder
                                                 UNITED STATES MAGISTRATE JUDGE