# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Richard M. Sansome, | ) | No. CV 1-07-1086-FRZ |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| LVN Lopez, | ) ) | |
| Defendant. | ) ) | |

Plaintiff Richard M. Sansome, a state prisoner proceeding *pro se*, brought this civil rights action pursuant to 42 U.S.C. § 1983.  The action is proceeding on Plaintiff's amended complaint against Defendant Emilia Lopez, alleging the Defendant acted with deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment.

Plaintiff's claim arises from three incidents in which Plaintiff alleges that the Defendant, a licensed vocational nurse ("LVN") employed at the time of the incidents alleged by the California Department of Corrections and Rehabilitation, failed to provide Plaintiff with medical treatment.  Specifically, Plaintiff alleges he had a "staph infection" and was in severe pain and Defendant failed to respond in a reasonable manner and provide emergency treatment for his serious medical needs.

Before the Court for consideration are Defendant's Motion for Summary Judgment, Plaintiff's opposition thereto, and Defendant's reply.  Upon consideration of all matters submitted, included the separate statements of fact, the Court finds Defendant is entitled to judgment as a matter of law.

1    **Legal Standards**

2        Summary judgment is appropriate when the moving party demonstrates that no

3    genuine issue of material fact exists and that the moving party is entitled to judgment as a

4    matter of law.  Rule 56(c), Fed.R.Civ.P.  An issue is "genuine" if the evidence is such that

5    a reasonable jury could return a verdict for the opposing party. *Anderson v. Liberty Lobby,*

6    *Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986).  A fact is "material" if it affects the right to

7    recover under applicable substantive law. *Id.*

8        The moving party must submit evidence that establishes issues upon which the movant

9    bears the burden of proof and bears the initial responsibility of informing the district court

10   of the basis for its motion.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548

11   (1986).  If the moving party does not bear the burden of proof on an issue, the movant need

12   only demonstrate the absence of evidence to support the nonmoving party's burden.  *Id.*

13       Once the moving party meets its initial responsibility, the burden then shifts to the

14   nonmoving party to establish that a genuine issue as to any material fact exists to defeat

15   summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 588,

16   106 S.Ct. 1348 (1986).  To demonstrate a genuine issue, the nonmoving party "must do more

17   than simply show that there is some metaphysical doubt as to the material facts.  Where the

18   record taken as a whole could not lead a rational trier of fact to find for the nonmoving party,

19   there is no 'genuine issue for trial.'" *Id.* at 587.

20        Plaintiff has been advised of the standards and requirements for opposing motions

21   for summary judgment to avoid dismissal pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th

22   Cir. 1998).

23   **Discussion**

24   I.

25       Plaintiff carries the burden to prove his Eighth Amendment claim. "Under 42 U.S.C.

26   § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an

27   inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439

28   F.3d 1091, 1096 (9th Cir. 2006)(quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285

(1976)).  The  Ninth Circuit's test for deliberate indifference to a prisoner's medical needs is two-pronged. *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012).

> First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.

*Id.* (quoting *Jett*, 439 F.3d at 1096)(internal quotation and citation omitted).

In regard to the first prong, "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) *overruled on other grounds* by *WMX Techs., Inc. V. Miller*, 104 F.3d 1133 (9th Cir. 1997)).

The second prong requires the plaintiff to show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.*

The Ninth Circuit explains in *Wilhelm* that "[t]he deliberate indifference doctrine is limited in scope.  '[A]n inadvertent failure to provide adequate medical care' does not, by itself, state a deliberate indifference claim for § 1983 purposes." *Id.* (quoting *McGuckin*, 974 F.2d at 1060).

II.

Defendant frames Plaintiff's claim as alleging that Defendant was deliberately indifferent to Plaintiff's serious medical needs because she did not give him emergency medical treatment when he complained to her about purported staph infections.

Defendant emphasizes that she is a licensed vocational nurse (LVN), not a registered nurse or a doctor, and that her duties do not include assessing or diagnosing medical conditions.  Her role is to collect data for registered nurses and/or physicians to assess.  Accordingly, in response to Plaintiff's complaints, Defendant had Plaintiff fill out a sick call slip so that he could be appropriately scheduled to be seen by medical staff.

1    Defendant contends, supported by her affidavit, that based on the information

2    available to her, which included information the Plaintiff provided to her verbally and on the

3    sick call slips, and further based on her observations of Plaintiff, that she did not believe that

4    Plaintiff was in need of emergency care.  Plaintiff was seen and treated.

5    Setting forth in detail the standard for what constitutes a violation of an inmate's

6    Eighth Amendment right, and that "[d]eliberate indifference to medical needs may be shown

7    by circumstantial evidence when the facts are sufficient to demonstrate that a defendant

8    actually knew of a risk of harm," citing *Lolli v. County of Orange*, 351 F.3d 410, 421 (9th

9    Cir. 2003) (citations omitted), Defendant lists factors to be considered in determining

10   whether such a risk exists.  Defendant cites to the factors set forth in the dissenting opinion

11   of *Wood v. Housewright*, 900 F.2d 1332 (9th Cir. 1990), which include: (1) the existence of

12   an injury that a reasonable doctor/dentist would find important and in need of treatment; (2)

13   the presence of a medical condition that significantly affects daily activities, or; (3) the

14   existence of chronic and substantial pain.  *Id.*  at 1337-41.

15   Defendant argues that differences in opinion concerning the proper course of care and

16   treatment is insufficient to support a claim of "deliberate indifference" under the Eighth

17   Amendment. *Jackson v. McIntosh*, 90 F.3d 330 (9th Cir. 1996).  Moreover, expert testimony

18   is also necessary to show that actual harm was caused by the alleged failure to provide care

19   or treatment. See *Hutchinson v. Untied States*, 838 F.2d 390 (9th Cir. 1988).

20   First, Defendant argues that she is entitled to summary judgment because Plaintiff

21   cannot establish that Defendant had actual knowledge of a "substantial risk of serious harm."

22   As stated in the amended complaint, Plaintiff informed Defendant that he had a staph

23   infection; however, an examination by medical personnel was required. Based on the

24   information available to Plaintiff, and based on her training and experience as a licensed

25   vocational nurse, Defendant contends she did not believe that Plaintiff was in need of

26   emergency medical care.

27   Second, even if Defendant was aware of a "substantial risk of serious harm," Plaintiff

28   has presented  no evidence that she deliberately or recklessly disregarded that risk, and that

- 4 -

it is undisputed that Defendant had Plaintiff fill out a sick call slip and that he was subsequently seen by a nurse who prescribed medication for his condition. Defendant argues that Plaintiff cannot establish that Defendant's subjective state of mind was to cause him harm or injury. Defendant further argues that she treated the Plaintiff with dignity and respect in an honest effort to provide him with medical care and treatment and that at no time did she refuse to provide him with medical care or treatment within the limitations of her license and duties. Furthermore, as stated in her affidavit, Defendant argues that at no time did she knowingly or intentionally cause Plaintiff to experience pain, suffering, injury or illness. *Id.*

Third, Defendant argues that Plaintiff cannot show that Defendant's actions caused him any harm; specifically, Defendant did not cause Plaintiff to have a staph infection or any other medical condition that may have needed treatment. Defendant contends that she did however, provide Plaintiff with sick call slips, resulting in Plaintiff having been seen and receiving treatment for the conditions he complained of.

Finally, Defendant argues that, in response to Plaintiff's allegation that she knew that he was in "severe pain," Defendant contends that she knew that Plaintiff had been prescribed narcotic pain medications (Vicodin and Norco), both of which she had administered to him on the dates he made medical complaints.

Defendant concludes that she provided Plaintiff with the appropriate care, based on the information available to her at the time, and based on the limitations of her LVN license; therefore, there is no evidence of, or a genuine issue of material fact, that Plaintiff was not deliberately indifferent to Plaintiff's medical needs as alleged.

III.

Plaintiff filed his response in opposition and a "separate statement of disputed material facts" to support his opposition to summary judgment, arguing that the Defendant did not provide emergency care to Plaintiff, and further refused to provide care to Plaintiff on three different occasions for "serious (staph) MRSA infections" and that as a result "Plaintiff suffered severe pain for which injury became worse and developed a more serious injury."

1    Plaintiff argues that the "separate statement of disputed facts" and declaration offered

2    in support thereof, show that Defendant denied Plaintiff emergency medical treatment and

3    was deliberately indifferent to his serious medical needs, was "rude and hateful," and that

4    "due to her denial Plaintiff suffered unnecessary severe pain and further serious injury."

5    In his statement of fact, Plaintiff states that "[a]t all time's LVN Lopez knowingly and

6    I truely believe intentionally caused Plaintiff to experience pain, suffering, further injury

7    [and] illness she understood and was fully aware of her actions toward Plaintiff."

8                                              IV.

9    Under the two-pronged Ninth Circuit's test to show deliberate indifference to a

10   prisoner's medical needs, there is no dispute that an infection, if not properly treated, "could

11   result in further significant injury or the unnecessary and wanton infliction of pain."  Thus,

12   the first prong of the analysis is satisfied without further inquiry.  *Wilhelm*, 680 F.3d at 1122

13   (quoting *Jett*, 439 F.3d at 1096).

14   The Court's determination as to whether a question of material fact exists to preclude

15   summary judgment rests on the second prong, whether Plaintiff has shown that

16   "[D]efendant's response to the need was deliberately indifferent."  *Id.*

17   The second prong requires Plaintiff to show "(a) a purposeful act or failure to respond

18   to a prisoner's pain or possible medical need and (b) harm caused by the indifference."  *Id.*

19   The Ninth Circuit explains in Wilhelm that "[t]he deliberate indifference doctrine is

20   limited in scope.  '[A]n inadvertent failure to provide adequate medical care' does not, by

21   itself, state a deliberate indifference claim for § 1983 purposes."  *Id.* (quoting *McGuckin,*

22   974 F.2d at 1060).

23   Plaintiff does not dispute Defendant's statement of fact that he had been prescribed

24   and administered pain medication.  Nor is there any dispute that he was seen and treated.

25   The only fact that appears to be in dispute is whether Defendant "treated [Plainitff]

26   with dignity and respect" or was "rude and hateful" as alleged by Plaintiff.  This issue,

27   however, is not material to an Eighth Amendment claim of deliberate indifference, and thus,

28   is irrelevant.  "The Eighth Amendment does not require that prisoners receive 'unqualified

access to health care.'" *Patterson v. Kern County Sheriff's Office*, 2012 WL 1067196, *7 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995 (1992).

"A mere delay in medical care, without more, is insufficient to state a claim ... for deliberate indifference." *McMaster v. Thomas*, 2012 WL 947958, *2 (E.D.Cal)(citing *Shapley v. Nevada Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1885). Nor does "[a] difference of opinion ... amount to deliberate indifference to [a plaintiff's] serious medical needs." *Id.* (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Any showing of "indifference must be substantial. The action must rise to a level of 'unnecessary and wanton infliction of pain.'" *Id.* (quoting *Estelle*, 429 U.S. at 105.)

Based on Plaintiff's failure to show that a question of material fact exists as to whether Defendant acted purposefully, or failed to respond to Plaintiff's pain or possible medical need, which resulted in harm caused by indifference, the Court finds Defendant is entitled to judgment as a matter of law.

Based on the foregoing,

IT IS ORDERED that Defendant's Motion for Summary Judgment (Doc. 38) is granted; judgment shall be entered accordingly.

DATED this 21st day of June, 2013.

Frank R. Zapata
**Senior United States District Judge**